IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,510-01






EX PARTE JUAN EDWARD CASTILLO








ON NOTICE OF NO APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. 2004-CR-1461A


IN THE 186TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam. 



O R D E R



 This case is before us because the trial court notified this Court that no application for
writ of habeas corpus has been filed pursuant to the provisions of Texas Code of Criminal
Procedure Article 11.071. (1)

 On September 9, 2005, the trial court appointed Suzanne Kramer to represent
applicant in a post-conviction writ of habeas corpus under Article 11.071. On October 27,
2006, the State filed in this Court its brief on applicant's direct appeal. Pursuant to Article
11.071, § 4(a), counsel should have filed applicant's application for writ of habeas corpus
in the convicting court no later than December 11, 2006. If a motion for extension was
timely filed and granted, then applicant's application would have been due in the convicting
court no later than March 12, 2007. Art. 11.071, § 4(b). 

 In August 2008, it was brought to the attention of this Court that no application had
been filed on applicant's behalf. Pursuant to Article 11.071, § 4A, because it was well past
the statutory due date and no application had been filed, we ordered Kramer to file an
affidavit with this Court setting out good cause for her failure to timely file the application. 
In her affidavit, counsel basically admits that she misunderstood the law, and that her
misunderstanding caused her to file applicant's application several months late. However,
she assures this Court that she did file an application on applicant's behalf on September 29,
2007. There are two problems with this statement. The first problem is that September 29,
2007, was a Saturday, and there is no indication that Bexar County allows weekend filings
in criminal cases. The second problem is that the Bexar County District Clerk's Office does
not seem to have any record of this filing. Further, in its notice to this Court, the convicting
court stated that no writ had been filed, not that an untimely writ had been filed.

 Under these circumstances, Kramer is ordered to file a second affidavit, as well as any
supporting documents necessary to clarify the discrepancies appearing in this case. The
affidavit and supporting documentation is due in this Court within 30 days of the date of this
order. 

 IT IS SO ORDERED THIS THE 1ST DAY OF OCTOBER, 2008.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.